**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**JONATHAN COHEN, et al.,**

                    **Plaintiffs,**            **MEMORANDUM AND ORDER**

                    **-against-**                             **13-CV-5612 (FB)**

**G&M REALTY L.P., et al.,**

                    **Defendants.**
-----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

       This action involves a series of adjacent buildings known as "5Pointz," located in the New York City borough of Queens. See Second Amended Complaint (June 17, 2014) ("Second Am. Compl.") ¶¶ 28-39, Electronic Case Filing Docket Entry ("DE") #64. For more than two decades, 5Pointz was widely recognized for the aerosal "graffiti" artworks that, until their destruction in 2013, covered its exterior walls. See, e.g., id. ¶¶ 40-45, 52-64, 182.

       In October 2013, seventeen artists who contributed aerosol artworks to 5Pointz brought suit against the various companies that owned the buildings and lots comprising 5Pointz, along with their principal, Gerald Wolkoff (hereinafter, the "defendants"). See generally Complaint (Oct. 10, 2013) ("Compl."), DE #1. Since that initial filing, plaintiffs have amended their complaint two times. Currently pending before the Court is plaintiffs' request to file a third amended complaint, see Letter Motion to Amend (Feb. 10, 2015) ("Pl. Mot."), DE #79, over defendants' objection, see Response in Opposition (Feb. 17, 2015) ("Def. Opp.").

For the reasons explained below, the Court denies plaintiffs' motion to amend, as they have not shown good cause for doing so almost one year after the expiration of the court-ordered deadline for amending the pleadings.[1]

## BACKGROUND

Seventeen artists commenced this action nearly a year and a half ago. See generally Compl. In their original pleading, plaintiffs alleged that, in or around 2002, lead plaintiff Jonathan Cohen ("Cohen") became the official curator of the 5Pointz artwork and that Cohen

---

[1] As a preliminary matter, this Court concludes that it is appropriate to issue its opinion as a Memorandum and Order, rather than a Report and Recommendation. Although the Second Circuit has not yet definitively ruled on the issue, but cf. Fielding v. Tollaksen, 510 F.3d 175, 178 (2d Cir. 2007) (indicating in dictum that a motion to amend a complaint is "nondispositive" and governed by Fed. R. Civ. P. 72(a)); Kilcullen v. N.Y. State Dep't of Transp., 55 F.App'x 583, 585 (2d Cir. 2003) (applying Rule 72(a) standard to challenge to magistrate judge's denial of motion to amend), the "weight of authority" in this Circuit treats rulings on motions to amend pleadings as nondispositive, and subject to review under Rule 72(a) of the Federal Rules of Civil Procedure ("FRCP") -- at least where the denial of leave to amend does not foreclose potential claims. See Wilson v. City of N.Y., No. 06-CV-229(ARR)(VVP), 2008 WL 1909212, at *3-4 (E.D.N.Y. Apr. 30, 2008) (collecting cases); see also Jean-Laurent v. C.O. Wilkerson, 461 F.App'x 18, 25 (2d Cir. Feb. 8, 2012) (where magistrate judge's order denying plaintiff leave to amend complaint effectively dismissed his previously filed state law claims, district court reviewing that order should have applied *de novo* review, as magistrate judge's order was dispositive as to those claims); accord Diaz v. Local 338 of the Retail, Wholesale Dep't Store Union, No. 13-CV-7187 (SJF)(SIL), 2014 WL 5502316, at *1 (E.D.N.Y. Oct. 28, 2014). Here, plaintiffs do not argue that a denial of their motion would foreclose any potential claims, and, indeed, they contend that doing so would prompt a second, duplicative lawsuit. See Pl. Mot. at 2.

Moreover, courts have routinely applied the "clearly erroneous" standard of review where, as here, the ruling is "based on procedural grounds," such as the movant's failure to satisfy the "good cause" requirement of Rule 16 of the FRCP, rather than on a substantive evaluation of the merit of the proposed claims. See, e.g., Point 4 Data Corp. v. Tri-State Surgical Supply & Equip., Ltd., No. 11 CV 726(CBA)(RLM), 2012 WL 3306612, at *1-2 (E.D.N.Y. Aug. 13, 2012); Oppenheimer & Co. Inc. v. Metal Mgmt., Inc., No. 08 Civ. 3697(LTS)(FM), 2010 WL 743793, at *1 (S.D.N.Y. Mar. 2, 2010) (citing Sokol Holdings, Inc. v. BMB Munai, Inc., No. 05 Civ. 3749(KMW)(DCF), 2009 WL 3467756, at *3-4 (S.D.N.Y. Oct. 28, 2009)).

2

himself had more than 100 works of visual art on the exterior and interior walls of 5Pointz. See id. ¶¶ 42-43, 68. In conjunction with the filing of their complaint, Cohen and the other artist-plaintiffs also sought a preliminary injunction to prevent the destruction of their aerosal artworks during the pendency of their lawsuit; the Honorable Frederic J. Block ultimately denied plaintiffs' motion. See Memorandum and Opinion (Nov. 20, 2013), DE #37.

Following the preliminary injunction proceedings, then Magistrate Judge Joan M. Azrack, who was originally assigned to handle pretrial matters, held a series of preliminary conferences, including an in-person status conference, a follow-up telephone conference and an in-person settlement conference. See Minute Entry (Jan. 17, 2014), DE #51; Minute Entry (Jan. 27, 2014), DE #52; Minute Entry (Feb. 20, 2014) ("2/20/14 Minute Entry"), DE #54. At the in-person settlement conference, Judge Azrack directed the parties to confer on a discovery plan and to submit a proposed discovery schedule for her approval. See 2/20/14 Minute Entry.

On March 7, 2014, the parties filed a proposed discovery schedule, which included, *inter alia*, April 10, 2014 as the deadline for "plaintiffs to amend the complaint." See Letter Regarding Discovery Schedule (Mar. 7, 2014), DE #56. Judge Azrack subsequently adopted the proposed schedule in its entirety, including the April 10, 2014 deadline. See Stipulation and Order (Mar. 25, 2014) ("3/25/14 Order"). In accordance with that schedule, plaintiffs filed an amended complaint on April 10, 2014. See Amended Complaint (Apr. 10, 2014), DE # 57. Shortly thereafter, pursuant to a stipulation of the parties, see Stipulation to Amend (June 16, 2014) ("Stip."), DE #64-1, plaintiffs filed a second amended complaint on June 17,

2014,[2] see generally Second Am. Compl.; Def. Opp. at 2.  Thereafter, the parties proceeded with discovery.

On January 13, 2015, the matter was reassigned to the undersigned magistrate judge for pretrial supervision, see Case Reassignment Order (Jan. 13, 2015), and this Court scheduled an in-person status conference with the parties, see Scheduling Order (Jan. 20, 2015), DE #71. At the status conference, plaintiffs informed the Court that they wished to amend their pleading to include "several dozen" other pieces of artwork by plaintiff Cohen and to add nine additional plaintiffs.  See generally Minute Entry (Feb. 3, 2015) ("2/3/15 Minute Entry"), DE #73.[3]  Plaintiffs contended that the additional works had always been a part of the case, but that listing them in a formal pleading just "ma[de] it easier."  As for adding new parties, plaintiffs, alluding to alleged difficulties communicating with "street artists," explained that the nine proposed plaintiffs had only come forward recently.  Defendants expressed skepticism that these nine plaintiffs would not have known about this high-profile lawsuit much earlier. Nevertheless, the Court authorized plaintiffs to file a letter-motion in support of amending the complaint a third time.  See 2/3/15 Minute Entry.  In doing so, the Court made clear its expectation that plaintiffs' motion to amend would "explain in more detail" why these nine plaintiffs "are just coming forward at this late stage of the game."

---

[2]  During the period between the filing of the Amended Complaint and the Second Amended Complaint, four plaintiffs accepted Rule 68 offers of judgment and were dismissed from the case.  See generally Notice of Acceptance (May 15, 2014), DE #61. The Second Amended Complaint omitted these four plaintiffs, as well as added one new plaintiff, Nicholai Khan, on consent.  See Second Am. Compl. at 1; Stip. at 1-2.

[3]  The facts described relating to the February 3, 2015 status conference are based on a review of an audio recording of the proceeding.

On February 10, 2015, plaintiffs filed the instant motion to amend. See generally Pl. Mot. Citing Rule 15(a) of the FRCP, plaintiffs contend that the Court should allow plaintiffs to amend yet again because, *inter alia*, plaintiffs seek only a narrow amendment of the pleadings; the amendments would not be futile; and discovery has not yet progressed to depositions. See Pl. Mot. at 2-3. Morever, according to plaintiffs, certain bad-faith actions on the part of defendants had motivated the proposed new plaintiffs to join the action at "the end of last year." See id. at 2-3. As for the additional Cohen works, plaintiffs seek to add approximately 160 additional works created by Cohen. See id. at 2. Finally, plaintiffs note that "the Third Amended Complaint may include a few titles of works for existing plaintiffs which were inadvertently omitted from the Second Amended Complaint . . . ." See id.

In opposing plaintiffs' motion, defendants argue that plaintiffs' reliance on Rule 15(a) of the FRCP invokes the wrong legal standard. See Def. Opp. at 1. According to defendants, because the court-ordered April 10, 2014 deadline has long passed, plaintiffs' request for yet another opportunity to amend must be supported by a showing of "good cause" under Rule 16(b) of the FRCP. See id. Defendants allege that plaintiffs fail to meet this good cause standard "because all of the facts alleged in the proposed amendments were facts that plaintiffs knew or should have known at the time of the original complaint." See id. at 2.

Plaintiffs' reply does not directly address whether their motion is governed by Rule 16(b) or Rule 15(a), although plaintiffs continue to cite cases arising under Rule 15(a). See Reply in Support (Mar. 5, 2015) ("Pl. Reply") at 1 n.2, DE #81 (citing, *inter alia*, Cortigiano v. Oceanview Manor Home for Adults, 227 F.R.D. 194 (E.D.N.Y. 2005); Browning v. Ceva Freight, LLC, No. 10-CV-5594 (ADS)(AKT), 2011 WL 6329864 (E.D.N.Y. Dec. 14, 2011)).

5

Instead, in a footnote, plaintiffs claim that the April 10, 2014 deadline "pertain[ed] merely to certain amendments known to the parties at that time" and that "there never was any discussion between the parties or with [the] Court regarding subsequent or final amendments." Pl. Reply at 2 n.3.

## DISCUSSION

### I. Applicable Legal Standard

Before reaching the merits of plaintiffs' motion to amend, this Court must, as a threshold matter, identify the applicable legal standard. Plaintiffs contend that the dispute is governed by Rule 15 of the FRCP, see Pl. Mot., whereas defendants posit that Rule 16 applies. See Def. Opp. at 1.

Typically, once an answer is served, Rule 15 allows a plaintiff to amend its complaint "only with the opposing party's written consent or the court's leave."[4] Fed. R. Civ. P. 15(a)(2). A court should "freely give" leave to amend "when justice so requires." Id.; Anderson News, LLC v. Am. Media, Inc., 680 F.3d 162, 185 (2d Cir. 2012) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

---

[4] Although plaintiffs have framed their motion as one to amend under Rule 15, plaintiffs also seek to add new parties, which implicates Rule 20(a) and Rule 21 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 20(a), 21. Regardless, "there is in practical terms little difference" among the three rules. See Nielsen Co. (US), LLC v. Success Sys., Inc., No. 11 Civ. 2939(BSJ)(FM), 2012 WL 3526625, at *5 (S.D.N.Y. Aug. 13, 2012) (quoting Savine-Rivas v. Farina, No. CV-90-4335 (CPS), 1992 WL 193668, at *2 (E.D.N.Y. Aug. 4, 1992)) (collecting cases); see also Lawrence v. Starbucks Corp., No. 08 Civ. 3734(LTS)(JCF), 2009 WL 4794247, at *3 n.4 (S.D.N.Y. Dec. 10, 2009) ("Although the Second Circuit has not spoken directly on the issue, courts have found that the good cause standard of Rule 16 should be applied to requests to add parties under Rule 21 after a deadline in a scheduling order.") (citing Int'l Media Films Inc. v. Lucas Entm't, Inc., No. 07 Civ. 1178(JGK)(FM), 2008 WL 781823, at *1-3 (S.D.N.Y. Mar. 20, 2008)).

Nevertheless, where a court has set a scheduling order pursuant to Rule 16, the court must first address whether the party seeking to amend has shown "good cause" for modifying that scheduling order. See Fed. R. Civ. P. 16(b)(4); Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 243-44 (2d Cir. 2007); accord Gullo v. City of N.Y., 540 F.App'x 45, 46-47 (2d Cir. 2013) (affirming denial of untimely motion to amend to name defendant officers). One purpose of Rule 16 is to "offer a measure of certainty in pretrial proceedings, ensuring that 'at some point both the parties and the pleadings will be fixed.'" Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000) (quoting Fed. R. Civ. P. 16 advisory committee's note (1983)). If the party seeking the amendment satisfies the "good cause" standard of Rule 16, the court then determines whether the movant has also met the liberal standards of Rule 15. See Kassner, 496 F.3d at 244.

Plaintiffs do not deny that Judge Azrack issued a scheduling order, pursuant to Rule 16 of the FCRP, that included April 10, 2014 as the time for "plaintiffs to amend the complaint." See 3/25/14 Order; Pl. Mot.; Pl. Reply. Instead, plaintiffs seek to downplay the significance of the court order, by claiming that the April 10, 2014 deadline was never meant to be a "final" deadline for amendments. See Pl. Reply at 2 n.3. The plain language of the proposed scheduling order, drafted jointly by both sides, does not limit the deadline for amendments to those "known to the parties at that time," see id., nor do plaintiffs provide any evidence to support their interpretation of the scheduling order entered by Judge Azrack. More importantly, plaintiffs' argument overlooks the fact that *no* Rule 16 deadline is necessarily a *final* deadline, as Rule 16(b)(4) specifically contemplates that there might be a need to modify a Rule 16 deadline and thus allows for those modifications where the movant demonstrates

7

"good cause." See Fed. R. Civ. P. 16(b)(4). Under plaintiffs' interpretation of Rule 16, a party could continually amend the pleadings on an open-ended basis, obliterating the "certainty" that Rule 16 was intended to provide. See Parker, 204 F.3d at 340.

Thus, for the reasons stated above, Rule 16 applies to this dispute. Therefore, the issue of whether plaintiffs have met the liberal standard of Rule 15(a) of the FRCP need not be reached unless plaintiffs first establish "good cause" under Rule 16 for amending their pleading after the court-ordered deadline.

## II. Whether Plaintiffs Have Established "Good Cause" to Amend Their Pleading

Rule 16 allows a party to obtain a modification of a scheduling order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). It is the movant's burden to establish good cause. See Parker, 204 F.3d at 340; Nairobi Holdings Ltd. v. Brown Bros. Harriman & Co., No. 02 Civ. 1230(LMM), 2006 WL 2242596, at *3 (S.D.N.Y. Aug. 3, 2006). "Whether good cause exists turns on the diligence of the moving party." Holmes v. Grubman, 568 F.3d 329, 335 (2d Cir. 2009) (internal quotations and citations omitted). A party has not acted diligently where the proposed amendment to the pleading is based on information "that the party knew, or should have known," in advance of the deadline sought to be extended. See Perfect Pearl Co. v. Majestic Pearl & Stone, Inc., 889 F.Supp.2d 453, 457 (S.D.N.Y. 2012) (quoting Sokol Holdings, Inc. v. BMB Munai, Inc., No. 05 Civ. 3749 (KMW)(DF), 2009 WL 2524611, at *8 (S.D.N.Y. Aug. 14, 2009) (collecting cases), aff'd, 2009 WL 3467756 (S.D.N.Y. Oct. 28, 2009)). Although diligence is the primary focus of a "good cause" analysis, a court may, in its discretion, also consider other factors, such as whether "allowing the amendment of the pleading at this stage of the litigation will prejudice

defendants." Kassner, 496 F.3d at 244.

### A. The Nine Additional Plaintiffs

Despite the Court's request at the February 3, 2015 status conference that plaintiffs' motion to amend "explain in more detail" why the nine proposed plaintiffs were being added at this late stage of the proceeding, plaintiffs' application plainly does not. Plaintiffs make no attempt to provide relevant particulars on any of the proposed plaintiffs — e.g., when each learned about the suit. See generally Pl. Mot.; Pl. Reply. Rather, referencing all the proposed plaintiffs as a group, plaintiffs simply assert in conclusory fashion that the "new plaintiffs" were motivated "in part" by defendants' allegedly blameworthy conduct, including the fact that defendants took no steps to preserve plaintiffs' artwork before its destruction. See Pl. Mot. at 2-3. Plaintiffs' arguments fail for multiple reasons.

First, plaintiffs conveniently gloss over the fact that defendants destroyed the artwork in November 2013 -- more than a year prior to the point at which the proposed plaintiffs allegedly first sought to join the suit -- and months prior to the filing of the First and Second Amended Complaints. More importantly, the relevant inquiry with respect to good cause is not when potential plaintiffs learned of facts that *motivated* them to file suit, but when they learned of facts that form the basis for their claims. See Point 4 Data Corp. v. Tri-State Surgical Supply & Equip. Ltd., No. 11-CV-726 (CBA), 2012 WL 2458060, at *7 (E.D.N.Y. June 27, 2012) (collecting cases), aff'd, 2012 WL 3306612 (E.D.N.Y. Aug. 13, 2012). To be sure, plaintiffs seek to excuse the proposed plaintiffs' delay, asserting that "[m]any of the artists who created artwork at the 5Pointz site are international figures who are often out of New York and/or the United States" and who "are focused on their present and future artwork, not litigation

9

issues." See Pl. Mot. at 2-3. But even if true -- and plaintiffs' assertion is conclusory and bereft of any relevant detail -- "[g]ood cause requires more" than the excuse that some or all of the 5Pointz artists may have been "busy doing other things." Eastman Chem. Co. v. Nestlé Waters Mgmt. & Tech., No. 11 Civ. 2589(KPF), 2014 WL 1316772, at *5 (S.D.N.Y. Apr. 1, 2014); cf. United States v. Delgado, No. S9 96 CR. 126 (JFK), 2003 WL 21219850, at *3 (S.D.N.Y. May 22, 2003) (petitioner, who had been "understandably focused on [his] state [criminal] trial" and thus took no action to preserve his right to file a post-conviction motion to vacate his federal sentence, "failed to demonstrate the basic diligence required to benefit from a tolling of the statute of limitations").

Finally, even though defendants expressly relied upon the Rule 16 "good cause" standard in opposing plaintiffs' motion, plaintiffs have responded with no information concerning when the proposed plaintiffs learned of the facts relevant to their claims. See generally Pl. Reply. Indeed, plaintiffs assail as "irrelevant" the fact that the publicity surrounding the case should have alerted the proposed plaintiffs to its existence much earlier in time. See id. at 3 ("The law is clear that mere delay does not constitute grounds to block amendment.").[5] In doing so, plaintiffs ignore Second Circuit precedent that equates a party's diligence in pursuing his or her claims with "good cause" under Rule 16(b). See, e.g.,

---

[5] Plaintiffs also assert that defendants' argument with respect to the publicity surrounding the lawsuit is "mere speculation." See Pl. Reply at 3. Plaintiffs' assertion, however, is undermined by their original pleading, which not only attached articles discussing the threatened destruction of 5Pointz, see Compl., DE #1 at 70-71, but also described 5Pointz as the "world's 'Graffiti Mecca,'" Compl. ¶ 53, and emphasized its importance to "aspiring artists," id. ¶ 56, given "its stature in the international art community and its high visibility . . . ," id. ¶ 55.

10

Holmes, 568 F.3d at 335.

Thus, for these reasons, plaintiffs have not shown good cause for their delay in amending the pleading to add the nine proposed plaintiffs and their respective aerosol 5Pointz works.[6]

### B. The Additional Cohen Works

With respect to the more than 160 additional works of Cohen, plaintiffs contend that amending the complaint to add these 160 works is for "administrative convenience," see Pl. Mot. at 2, and that, in any event, plaintiffs are under no obligation to include these works in their pleading, as the operative complaint's reference to Cohen's "over 100 works of visual art" on 5Pointz is sufficient to meet the liberal standards of "notice pleading," see Pl. Reply at 2 (citing Fed. R. Civ. P. 8(a)). Plaintiffs offer no explanation for why Cohen, who served as curator of 5Pointz since 2002, was not aware of these works at the time he commenced this action in October 2013. See generally Pl. Mot.; Pl. Reply. Because plaintiffs have not shown good cause for the delay in identifying these additional Cohen works in their pleading, the Court likewise denies this aspect of plaintiffs' motion to amend.[7]

---

[6] Although Rule 16(b)(4) does not require a court to consider whether an amendment would prejudice defendants, see Kassner, 496 F.3d at 244, here, allowing nine additional parties – as opposed to the current fourteen – is a material expansion of the case and would necessarily prejudice defendants, as it would require yet another extension of fact discovery, adding expense and further delaying the resolution of this matter.

[7] Plaintiffs' motion also alludes to possibly adding "a few titles of works for existing plaintiffs which were inadvertently omitted from the Second Amended Complaint[,] although images of the works were produced in Plaintiffs' document responses[.]" See Pl. Mot. at 2. Needless to say, for the same reasons the Court denies plaintiffs' request to amend for the purpose of adding works for Cohen, it is not inclined to authorize these further unspecified amendments.

11

## CONCLUSION

For the reasons explained herein, the Court denies plaintiffs' motion to amend the complaint for a third time, as plaintiffs failed in their burden to establish good cause for doing so under Rule 16(b)(4) of the FRCP.

Any objections to this Memorandum and Order must be filed with the Honorable Frederic Block on or before **March 30, 2015**. Failure to file objections in a timely manner may waive a right to appeal the District Court order.

The Clerk is requested to enter this Report and Recommendation into the ECF system.

**SO ORDERED.**

**Dated:** Brooklyn, New York
**March 13, 2015**

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**