UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN COHEN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>G&M REALTY L.P., et al.,<br><br>    Defendants. | Case No. 1:13-cv-05612-FB-RLM |
| MARIA CASTILLO, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>G&M REALTY L.P., et al.,<br><br>    Defendants. | Case No. 1:15-cv-03230-FB-RLM |

**STIPULATED ORDER FOR ALTERNATIVE SECURITY FOR PLAINTIFFS'
UNADJUDICATED MOTION FOR ATTORNEYS' FEES PENDING APPEAL**

IT IS HEREBY STIPULATED by and between Plaintiffs and Defendants (together, the "Parties") in the above-captioned actions, through their respective attorneys of record, as follows:

WHEREAS, on February 15, 2018, the Clerk of Court entered judgment in favor of the Plaintiffs for $6.75 million against the Defendants in the above-captioned actions (ECF No. 173 in the *Cohen* action and ECF No. 70 in the *Castillo* action); and

WHEREAS, the Defendants filed a Notice of Appeal of those Judgments (ECF No. 174 in the *Cohen* action and ECF No. 71 in the *Castillo* action), as amended to include the Court's post-trial rulings (ECF No. 210 in the *Cohen* action and ECF No. 103 in the *Castillo* action),

such that the Defendants' appeals of those Judgments are now pending before the United States Court of Appeals for the Second Circuit (Case Nos. 18-498 and 18-538); and

WHEREAS, the Plaintiffs subsequently filed a Motion for Attorneys' Fees in each of the above-captioned actions (ECF No. 187 in the *Cohen* action and ECF No. 81 in the *Castillo* action); and,

WHEREAS, the Defendants moved to stay adjudication of Plaintiffs' Motions for Attorneys' Fees until the Second Circuit resolves the Defendants' appeals (ECF No. 192 in the *Cohen* action and ECF No. 86 in the *Castillo* action); and,

WHEREAS, this Court, in response to Plaintiffs' application for an order requiring the Defendants to obtain a supersedeas bond to secure a potential award of attorneys' fees, ordered (ECF No. 209 in the *Cohen* action and ECF No. 102 in the *Castillo* action) the Parties to "further confer in good faith to resolve this dispute" regarding an appropriate form of security to support the Defendants' requested stay of Plaintiff's Motions for Attorneys' Fees; and,

WHEREAS, the Parties, after conferring in good faith, have stipulated to a compromise regarding such security.

THEREFORE, an Order of this Court shall be and hereby is made by this Court on the following terms:

1. Plaintiffs' Motions for Attorneys' Fees (ECF No. 187 in the *Cohen* action and ECF No. 81 in the *Castillo* action) are hereby STAYED pending resolution of the Defendants' appeals before the U.S. Court of Appeals for the Second Circuit (Case Nos. 18-498 and 18-538).

2. As security for this stay, the Defendants agree to the following conditions on the property located at 57-10 49th Place, Maspeth, Queens County, New York 11378 (hereafter, the "Property"):

   (a) Within thirty (30) days following entry of this Order, the Defendants shall provide to the Plaintiffs, through their counsel, a current title report from a qualified title insurer showing that the Property is owned solely by Maspeth Realty Associates L.P.—an entity owned solely by the Defendants—and is not subject to any lien or encumbrance.  In the event that, notwithstanding a good faith effort by the Defendants, a title report cannot be obtained within 30 days, the Defendants shall notify the Plaintiffs before the 30 day deadline expires and the parties shall meet and confer to establish a new deadline for providing the title report;

   (b) Defendants hereby represent and warrant that (1) the Property is free and clear of any lien or encumbrance, (2) Defendants (via Maspeth Realty Associates L.P.) are the ultimate sole owner of the Property and no other party has any direct or indirect right or interest in the Property;

   (c) The Defendants are hereby prohibited from selling, transferring, pledging, mortgaging, or offering for sale the Property, or any interest in the entity that owns the Property without court approval until either (i) the Second Circuit issues an order which vacates or reverses the Judgment or (ii) this Court issues an order that adjudicates Plaintiffs' Motions for Attorneys' Fees.  For the avoidance of doubt, nothing herein affects any lease currently in effect on the property.  Moreover, nothing herein shall prohibit Defendants from leasing in the future the Property to an unrelated third party tenant at fair market value and for a term not exceeding 15 years during the pendency of Defendants' appeal and/or the pendency of Plaintiffs' Motions for Attorneys' Fees.  In the event that the Defendants intend to enter into a new lease of the property that is not currently in existence and which will last for a term exceeding 15 years, the parties shall first inform the Plaintiffs before executing the lease and the parties shall meet and confer as to the sufficiency of this security; and

(d)     Upon entry of this Order, Plaintiffs are permitted to file a *lis pendens* or the like against the Property during the pendency of Defendants' appeal, provided that Plaintiffs agree to vacate any such encumbrance within ten (10) days of any order from the Second Circuit which vacates or reverses the Judgment. Defendants shall be responsible for taking all steps to vacate the *lis pendens*. Plaintiffs will cooperate and sign all necessary documents.

3.     In the event that the Second Circuit affirms the Judgment and this Court issues a final judgment awarding Attorneys' Fees to the Plaintiff (the "Fee Award Judgment"), the Parties further agree as follows:

(a)     The Defendants agree to pay the amount of the Fee Award Judgment within ten (10) days of the date upon which the Fee Award Judgment becomes final and unappealable, whether because the Defendants forego filing a Notice of Appeal or because Defendants' have exhausted all available appellate rights. For the avoidance of doubt, nothing in this paragraph waives, restricts, or otherwise impacts Defendants' ability to exercise all available appellate rights with regards to any Fee Award Judgment. Upon payment of the Fee Award Judgment by the Defendants, the Plaintiffs shall cooperate and sign all necessary documents to vacate any *lis pendens* or the like placed upon the Property.

(b)     If the Defendants fail to comply with the terms of Paragraph 3(a), Plaintiffs are entitled to initiate foreclosure proceedings against the Property to satisfy the Fee Award Judgment. In any such foreclosure proceeding, the Defendants shall be deemed to have waived any and all procedural, jurisdictional, and substantive defenses that may otherwise apply in that proceeding, with the exception of any defense related to the insufficiency of notice or service of process relating to the initiation of that proceeding. For the avoidance of doubt, Plaintiffs must first provide the Defendants with notice of a foreclosure proceeding by serving

process upon Defendants' attorney Jones Day; Jones Day agrees to accept service of process of the foreclosure proceeding. Defendants shall further be responsible for any additional attorneys' fees and costs incurred by Plaintiff to prosecute that foreclosure proceeding. Nothing herein shall prevent the Plaintiffs from exercising any and all other collection remedies.

    (c) If any additional documents shall be required to be executed by the Defendants, or if existing documents need to be corrected, for Plaintiffs to enforce their rights under this stipulation, Defendants agree to do so upon notice from Plaintiffs.

Respectfully Submitted,

_____
Eric Baum Brian Ullman
EISENBERG & BAUM, LLP
24 Union Square East
5th Floor
New York, NY 10003
Telephone: (212) 353-8700
Email: ebaum@eandblaw.com
*Attorneys for Plaintiff*

_____
Meir Feder
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: (212) 326-7870
E-mail: mfeder@jonesday.com

*Attorneys for Defendants*

Dated: _____

SO ORDERED

_____
The Honorable Frederic Bloc
United States District Judge